UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIJAY KUMAR, A-245-907-852,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-6688 DAD AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This action was referred to the undersigned the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned recommends that the petition be granted in part, petitioner be immediately released, and respondent be enjoined from re-detaining petitioner absent pre-deprivation procedures.

I. Factual Background[1]

Petitioner, a citizen of India, entered the United States without inspection on or about

[1] In response to the petition, respondents did not deny *all* of petitioner's factual allegations. As discussed below, the only fact contested is whether petitioner violated the terms of his supervised release. ECF Nos. 6 at 2, 7 at 1-3. Accordingly, the facts contained in the verified petition are deemed admitted and will be relied upon, unless the record reflects verified contrary facts. See ECF No. 10; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

March 16, 2024. ECF No. 1 at 3, 6. He asserted fear of return to India due to political persecution and was released on his own recognizance. Id. at 3, 6.[2]

Petitioner filed a timely application for asylum and complied with all the terms of his release. Id. Nonetheless, he was re-detained by Immigration and Customs Enforcement ("ICE") during a routine check in on August 15, 2026. Id. He was not afforded a pre-deprivation hearing to determine whether re-detention was justified, nor has he received a bond hearing since his re-detention. Id. He remains in custody at the Golden State Annex facility, with pending removal proceedings.[3]

II. Procedural History

On August 21, 2026, through counsel, petitioner filed a petition for writ of habeas corpus challenging his detention under the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause. ECF No. 1. Respondents were directed to respond to the petition and required to

> substantively address whether there are any factual or legal issues that materially distinguish it from the court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Perez v. Albarran, No. 1:25-cv-1540 DAD CSK, 2025 WL 3187578 (E.D. Cal. Dec. 9, 2025), Chavarria v. Chestnut, No. 1:25-cv-01775-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025); Quichimbo-Jimenez v. Warden, Cal. City. Corr. Ctr., 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026); [Valencia] Cardenas v. Chestnut, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026); J.P.C. v. Chestnut, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable.

---

[2] The unverified Form I-213, dated March 17, 2024, states petitioner was released on "Order of Recognizance" because he "does not appear to be a threat to national security, border security, or public safety." ECF No. 6 at 8.

[3] The ICE Inmate Locator website, operated by the Department of Homeland Security, available at https://locator.ice.gov/odls/#/search (last visited November 3, 2026), indicates petitioner remains in custody at the Golden State Annex Facility. The Executive Office of Immigration Review ("EOIR") automated case information system, available at https://acis.eoir.justice.gov/en/ (last visited November 3, 2026), indicates petitioner has a master hearing on November 5, 2026, and reflects no final decisions in his removal proceedings. The court takes judicial notice of this information. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

ECF No. 3. The court warned, "The court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id.

Respondents filed an answer, and petitioner replied. ECF Nos. 6, 7. The case is deemed submitted.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

## IV. Discussion

### A. Overview

In Count 1, petitioner asserts his mandatory detention under 8 U.S.C. § 1225(b)(2) is unlawful because he is subject to discretionary detention under 8 U.S.C. § 1226(a), which requires issuance of a valid arrest warrant prior to detention. ECF No. 1 at 7-9, 12. In Count 2, petitioner asserts due process requires: (1) a pre-deprivation hearing to determine whether re-detention is justified and (2) a warrant, as required by 8 U.S.C. § 1226(a), prior to detention. ECF No. 1 at 9-13.

Because the majority of the cases cited by this court in its minute order relate to petitioner's claim that due process requires a pre-deprivation hearing, the court begins its discussion there.

B. Count 2: Due Process Requires Pre-Deprivation Hearing

In their response to the petition, respondents concede that this case "does not substantially differ from the cases cited by the court in its minute order," but "emphasize" that petitioner sustained Alternatives to Detention (ATD) violations. ECF No. 6 at 1-2. Citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207-14 (9th Cir. 2022), respondents also argue that the procedures available to petitioner under 8 U.S.C. § 1226(a) are constitutionally sufficient. For the reasons discussed below, the undersigned finds this case is not materially distinguishable from Ayala Cajina, Perez, Chavarria, Quichimbo-Jimenez, and Valencia Cardenas[4] and that, in this case, the procedures provided by § 1226(a) are constitutionally insufficient.

In Ayala Cajina, Perez, Chavarria, Quichimbo-Jimenez, and Valencia Cardenas, the court found that the petitioners' prior release gave rise to a procedural due process right to pre-deprivation notice and hearing to determine whether re-detention was warranted. Ayala Cajina, 2025 WL 3251083, at *3-5 (petitioner was previously release on recognizance); Perez, 2025 WL 3187578, at *3-4 (same); Chavarria, 2026 WL 3533606, at *3-5 (petitioner was previously release on humanitarian parole); Quichimbo-Jimenez, 2026 WL 679378, at *2 (petitioner had prior unspecified release and encounter with immigration authorities through an affirmative application for relief prior to re-detention); Valencia Cardenas, 2026 WL 785871, at *1-2 (unclear whether petitioner had prior release but petitioner had an encounter with immigration authorities through an affirmative application for relief prior to re-detention). Because the petitioners in these cases had not been afforded these procedures, the court ordered their immediate release and enjoined respondents from re-arresting or re-detaining them absent compliance with specific pre-deprivation procedural protections. Ayala Cajina, 2025 WL 3251083, at *6; Perez, 2025 WL 3187578, at *5; Chavarria, 2026 WL 3533606, at *5; Quichimbo-Jimenez, 2026 WL 679378, at *2-3; Valencia Cardenas, 2026 WL 785871, at *2.

---

[4] J.P.C.—a case in which the court granted a habeas petition on statutory grounds—is not relevant to the discussion of petitioner's constitutional claim based on the revocation of his release. J.P.C., 2026 WL 788129, at *2 (holding that the government misapplied 8 U.S.C. § 1225(b)(2)(A) to detain a noncitizen who had been present in the United States for years and was subject to detention under 8 U.S.C. § 1226(a)). Accordingly, that case is not discussed here.

Here the record shows that petitioner, Vijay Kumar—like the petitioners in Ayala Cajina, Perez, Chavarria, Quichimbo-Jimenez, and Valencia Cardenas—was previously released from immigration custody. ECF No. 1 at 3, 6; see also ECF No. 6 at 8, 12.[5] This release created a liberty interest in his continued release. Ayala Cajina, 2025 WL 3251083, at *3; Perez, 2025 WL 3187578, at *3; Chavarria, 2026 WL 3533606, at *3; Quichimbo-Jimenez, 2026 WL 679378, at *2.[6] The record also shows that petitioner was re-detained without a pre-deprivation hearing. Id. at 4, 6.

To the extent respondents "emphasize" alleged ATD violations to distinguish this case from the above cited cases, this court has previously rejected similar attempts to distinguish. Gutierrez v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-01888 DAD AC, 2026 WL 891625 (E.D. Cal. Apr. 1, 2026). In Gutierrez, this court rejected the respondents' attempt to distinguish Ayala Cajina on the basis of ATD violations because the respondents failed to provide supporting documentation of those alleged violations and failed to provide any argument as to why those violations compelled a different result. Id. at *2; see also Ali v. Warden, No. 1:26-cv-2977 CSK, 2026 WL 1192377, at *1 (E.D. Cal. May 1, 2026) (rejecting the respondents' attempt to distinguish Ayala Cajina on the basis of ATD violations because "respondents make no argument as to why this alleged violation warrants a different outcome"). Here, respondents' unverified Form I-213 and untitled document indicating petitioner has four ATD violations are insufficient to controvert petitioner's sworn declaration that he has complied with the conditions of his release. Moreover, respondents have not explained why such violations warrant a different

[5] Respondents' unverified documents confirm as much, and that petitioner was released because he "does not appear to be a threat to national security, border security, or public safety."

[6] The record also shows petitioner has a pending claim for asylum, which he filed shortly after his release. ECF No. 1 at 3, 6. This court has previously explained that when the government makes a decision not to detain a noncitizen, whom they are aware is present in the United States unlawfully based on an application for relief, the noncitizen "has the same liberty interest in her continued freedom as an individually initially detained" and released. Rivas Arevalo v. Cruz, No. 1:26-cv-5692, 2026 WL 2640924, at *4 (E.D. Cal. Sept. 8, 2026); Villanueva-Montanez v. Lyons, No. 2:26-cv-00954-DAD-CKD, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026). Accordingly, two events created a liberty interest in this case: petitioner's release from immigration custody and immigration official's decision not to detain petitioner's while his asylum petition was adjudicated.

outcome from the cases cited above. This case, therefore, is materially indistinguishable from Ayala Cajina, Perez, Chavarria, Quichimbo-Jimenez, and Valencia Cardenas.

Respondents' reliance on Rodriguez Diaz to defeat this claim is also misplaced. In Rodriguez Diaz, the issue before the court was whether "the Due Process Clause entitled Rodriguez Diaz to a second bond hearing at which the government bears the burden of proof by clear and convincing evidence." Rodriguez Diaz, 53 F.4th at 1203. The court held that it did not. Id. The Ninth Circuit was not presented with the issue whether a noncitizen's prior release from immigration custody requires a pre-deprivation hearing absent exigent circumstances, and therefore did not rule on the issue presented in this case. See Alberto Ruiz v. Warden Cal City Det. Ctr., No. 1:26-cv-7132 DAD SCR, 2026 WL 2906591, at *4 (E.D. Cal. Sept. 28, 2026) ("The Ninth Circuit had no occasion to address the adequacy of § 1226(a)'s procedures in the context presented here of a noncitizen's protected liberty interest in his *continued release* on bond.") (emphasis added); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (rejecting the government's argument that Rodriguez Diaz foreclosed petitioner's due process claim based on the lack of pre-deprivation procedures because the Ninth Circuit "held only that a noncitizen detained under section 1226(a) does not have a right to a *second* bond hearing when the only changed material condition since their first bond hearing is the duration of their detention") (emphasis in original); Gagik T. v. Chestnut, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) ("Rodriguez Diaz addressed the adequacy of the burden allocation at a bond hearing for a person *already in custody*; it did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process.") (emphasis in original). Accordingly, Rodriguez Diaz is immaterial.

Considering the facts of this case, respondents' concession, and the inapplicability of Rodriguez Diaz, the undersigned adopts and incorporates by reference the reasoning of Ayala Cajina, Perez, Chavarria, Quichimbo-Jimenez, and Valencia Cardenas and finds that petitioner's due process rights were violated when he was re-detained without a hearing before a neutral adjudicator at which the government was required to justify his re-detention by clear and convincing evidence. See Ayala Cajina, 2025 WL 3251083, at *3-5; Perez, 2025 WL 3187578,

at *3-4; Chavarria, 2026 WL 3533606, at *3-5; Quichimbo-Jimenez, 2026 WL 679378, at *2; Valencia Cardenas, 2026 WL 785871, at *1-2; see also Sharma v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718, at *5 (E.D. Cal. Apr. 29, 2026) ("[T]his court has [routinely] found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released, . . . the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered.") (quoting Hernandez Gonzalez v. Warden, California City Corr. Ctr., No. 1:26-cv-2630 DC AC, 2026 WL 1069555, at *1 and collecting cases). Immediate release and an injunction against re-detention are warranted. See Ayala Cajina, 2025 WL 3251083, at *6; Perez, 2025 WL 3187578, at *5; Chavarria, 2026 WL 3533606, at *5; Quichimbo-Jimenez, 2026 WL 679378, at *2-3; Valencia Cardenas, 2026 WL 785871, at *2.

C. Other Claims

Because relief is appropriate on petitioner's due process claim challenging the revocation of his release, and the relief sought can be granted on that ground alone, the undersigned declines to address petitioner's statutory and additional due process claim based on respondents' failure to comply with the procedures under 8 U.S.C. § 1226(a). For this reason and in the interest of judicial economy, the undersigned recommends petitioner's statutory claim under Count 1 and additional due process claim under Count 2 based on his alleged warrantless arrest be dismissed without prejudice.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, on petitioner's due process claim based on the revocation of his release under Count 2, as follows:

   a. Respondents shall IMMEDIATELY RELEASE petitioner Vijay Kumar (A# 245-907-852) with the same conditions he was subject to immediately prior to his re-detention on August 15, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.

   b. Respondents shall not impose any restriction on petitioner unless it is determined

to be necessary at a future pre-deprivation/custody hearing.

c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner, absent exigent circumstances, unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. In the interest of judicial economy, petitioner's statutory claim under Count 1 and additional due process claim under Count 2 (based on his alleged warrantless arrest) be DISMISSED WITHOUT PREJUDICE.

3. The order not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

4. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release from custody.

5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are

////

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 4, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE